COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


COEBURN-NORTON-WISE REGIONAL
 WASTEWATER TREATMENT AUTHORITY AND
 VML INSURANCE PROGRAMS                  MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
v.        Record No. 2964-95-3             JULY 16, 1996

DANIEL JAY SEXTON


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Frank Friedman (Paul C. Kuhnel; Woods, Rogers &
            Hazlegrove, P.L.C., on brief), for appellants.

            No brief or argument for appellee.



        Coeburn-Norton-Wise Regional Wastewater Treatment Authority

(employer) appeals the commission's decision awarding workers'

compensation benefits to Daniel Jay Sexton (claimant).  Employer

argues that the commission erred in finding credible evidence

that claimant suffered an injury by accident.  We agree and

reverse the commission.

        On April 23, 1995, claimant injured his right shoulder while

working for employer.  Claimant testified that he turned a valve

and "it felt like something just ripped in [his] shoulder."

Prior to this accident, claimant had other problems with his

shoulder, including a similar injury in 1992.  However, claimant

did not suffer "ongoing discomfort" in his shoulder until the

April 23, 1995 accident.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The morning after the accident, claimant sought medical treatment from Dr. John Ellis, who referred him to Dr. Michael Lyons, an orthopedist. In an April 24, 1995 report, Dr. Ellis stated that claimant "[h]urt right shoulder opening and closing valves. Says some problems prior, specific precipitating event unclear." In a second report dated April 24, 1995, Dr. Ellis noted that claimant's pain had "been 'coming on' for long time [and was] worse recently." Dr. Lyons examined claimant on April 25, 1995, and reported as follows:

> [The patient complains] of having pain in his right shoulder going into his neck <u>for the past year</u>. The patient states that he has had several episodes of a "pulled muscle in his shoulder and neck." The patient states that he usually just waits and the pain goes away. The patient states that this past week though while opening and closing large valves he began to have more pain.

(Emphasis added). Dr. Lyons diagnosed claimant's condition as acromion calcification" and restricted claimant's use of his right arm pending a MRI. In a May 15, 1995 letter, Dr. Lyons also noted as follows:

> In his original medical information sheet dated 4-28-95 the patient directly relates his shoulder hurting to working valves at the plant. It is noted however, that the patient has had prior problems with the shoulder and it would be impossible to differentiate the two. . . . The primary cause of the point of his current symptoms appears to be an <u>overuse syndrome</u> from turning the valves that he has to do at work.

(Emphasis added). Claimant returned to work May 23, 1995, and sought benefits from April 24, 1995 to May 22, 1995. The

2

commission awarded benefits to claimant and stated as follows:

> It is clear from the claimant's testimony that he has experienced right shoulder pain from time to time while performing his work duties. However, we find upon Review that his testimony as to the manner in which he was injured on April 23, 1995, and the sudden onset of right shoulder pain while turning a specific valve, is more persuasive than what appears to be a casual reference to valves in the various medical reports and in the questions posed by counsel for the employer.

We recognize that, on appeal, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence." James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

In the instant case, no credible evidence supports the commission's finding that claimant suffered an injury by accident on April 23, 1995. Rather, claimant's history and the medical evidence establish a gradually occurring problem or "overuse syndrome" that simply manifested itself on the date that claimant felt the pain in his shoulder. Under these circumstances,

claimant's description, standing alone, is insufficient to meet his burden of proving an identifiable incident resulting in "an obvious sudden mechanical or structural change in the body." <u>Morris</u>, 238 Va. at 589, 385 S.E.2d at 865.[1]

Accordingly, the decision of the commission is reversed.

<u>Reversed</u>.

---

[1]In reaching this holding, we do not hold that credible <u>medical</u> evidence is required to prove an injury by accident. In some cases, the claimant's testimony alone may be sufficient to establish an identifiable injury by accident.